MANTON MARKS, Plaintiff, *v.* SAMUEL A. MULLEN and Others, Defendants.

Supreme Court, Kings County, July, 1922.

Practice — partition — trial of specific issues by jury — trial court cannot set aside verdict and grant new trial — such motion can be made only before court rendering final judgment in the action — Rules of Civil Practice, rule 221.

The former rule that a failure to make a motion in the trial court to set aside a verdict rendered on specific issues amounted to an acquiescence therein is now obsolete.

Where there is a separate trial of specific issues of fact arising between two defendants in an action for partition, the trial court cannot entertain a motion to set aside a verdict in favor of one of said defendants and for a new trial.

Under rule 221 of the Rules of Civil Practice such a motion can be made only to the court rendering the final judgment in the action.

MOTION to set aside a verdict in a partition action and for a new trial.

*Caldwell & Banister* (*Charles Caldwell,* of counsel), for defendant Wingate.

*Joseph A. Fagnant,* for defendant Mullen.

VAN SICLEN, J. This action was brought for partition and two specific issues of fact arising between the defendants were referred to Trial Term for separate trial by jury. The jury has rendered its verdict in favor of defendant Mullen, and now the defendant Wingate seeks to have the trial court entertain a motion to set aside the verdict and for a new trial. It is now contended that by reason of changes made in the existing law by the Civil Practice Act the authority of the trial court to entertain this motion as it existed under sections 999 and 1003 of the Code of Civil Procedure has been taken away and that such a motion can now be made only to the court rendering the final judgment in the action.

Sections 549 and 553 of the Civil Practice Act would seem to be a re-enactment of sections 999 and 1003 above referred to if it were not for rule 221 of the Rules of Civil Practice which in part provides as follows: " If the motion for a new trial be made for the purpose of reviewing a trial by jury of one or more specific questions of fact, arising on the issues in an action triable by the court, the motion can be made only at the term where the motion for final judgment is made or the remaining issues of fact are tried, as the case requires."

There is apparent from this language an intent on the part of the codifiers of the Rules of Civil Practice and the legislature to take away the privilege formerly reserved to the trial court to pass on the verdicts rendered as to specific issues and place it only with the court rendering the final judgment.

Ordinarily it would be logical to expect that the trial court that saw and heard the witnesses and presided at the trial of these specific issues would be the most competent tribunal to pass on the propriety of the jury's verdict. The codifiers of the new act, however, for some reason seem to have thought differently about it and no discretion in the matter has been left to the trial court. Heretofore until the trial court had denied a motion for a new trial, the review permitted to the Appellate Division on appeal was considerably limited in its scope. It was formerly held that a failure to move the trial court to set aside a verdict on specific issues amounted to an acquiescence therein. *Chapin* v. *Thompson,* 23 Hun, 12; *Ward* v. *Warren,* 15 id. 600.

This law must now be considered obsolete.

This court, therefore, must deem itself powerless to entertain the motion.

Ordered accordingly.